UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARLAND WILDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-2100 (CEJ) |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Garland Wilder for a writ of habeas corpus pursuant to 28 U.S.C. §2254. Respondent has filed a response in opposition, and the issues are fully briefed.

**I.    Procedural Background**

Petitioner Garland Wilder is currently incarcerated in Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to a judgment of the St. Louis County Circuit Court. On January 7, 2008, petitioner entered an <u>Alford</u> plea to the charges of burglary in the first degree (Count I), assault in the first degree (Count II), and attempted forcible rape (Count III)[1]. On April 4, 2008, the trial court sentenced petitioner to concurrent 15-year terms of imprisonment on Counts I and II, to be served consecutively to a 30-year term of imprisonment on Count III. Resp. Ex. A.

On June 30, 2008, petitioner filed a *pro se* motion for post-conviction relief under Missouri Supreme Court Rule 24.035. On December 3, 2008, petitioner, through counsel, filed an amended motion under Rule 24.035. The motion was denied without

---

[1] <u>Alford v. North Carolina</u>, 400 U.S. 25 (1970).

an evidentiary hearing on April 2, 2009.  Resp. Ex. A.  Petitioner appealed, and the Missouri Court of Appeals affirmed.  Resp. Ex. E and F.

In the instant § 2254 petition, petitioner asserts three grounds for relief: (1) that the trial court erred in refusing to allow him to withdraw his <u>Alford</u> plea; (2) that he was subjected to double jeopardy by being charged with assault and rape; and (3) that the prosecution failed to disclose exculpatory evidence as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

## II.  Factual Background

On Friday, May 26, 2005, fifteen year old S.E. awoke at approximately 2:00 a.m. to find petitioner, her neighbor and the father of her best friend, in her bedroom.  S.E. asked petitioner what he was doing in her room, and petitioner told S.E. that he had feelings for her.  When S.E. told petitioner to leave, petitioner attacked her.  He choked her and punched her face numerous times.  S.E. may have lost consciousness during the struggle.  S.E.'s sister heard the struggle and went to S.E.'s room, where she saw petitioner leaning over S.E., who was lying on the floor.  Petitioner started to attack S.E.'s sister, and then he fled.  S.E.'s sister called the police.  She noticed that S.E. was disrobed from the waist down.  S.E. was taken to the hospital, where medical examination found scratching on her vagina, bruises on her clavicle, neck, a fracture to her orbital socket, and hematomas on her face.

Petitioner was picked out of a photo lineup, and both sisters were sure that petitioner was the man who attacked S.E.  Petitioner was arrested at his place of employment, approximately seven hours after the attack.  He had blood on his hands and shirt, and injuries to his knuckles and neck.  S.E.'s DNA profile was found on swabs from petitioner's hand and boxer shorts.

### III. Legal Standard

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d)(1)-(2).

A state court's decision is "contrary to" clearly established law if "it applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme Court] but reaches a different result." Brown v. Payton, 544 U.S. 133, 141 (2005). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Brown v. Luebbers, 371 F.3d 458, 461 (8th Cir. 2004) (citing Early v. Packer, 537 U.S. 3, 8 (2002)). "In the 'contrary to' analysis of the state court's decision, [the federal court's] focus is on the result and any reasoning that the court may have given; the absence of reasoning is not a barrier to a denial of relief." Id.

A decision involves an "unreasonable application" of clearly established law if "the state court applies [the Supreme Court's] precedents to the facts in an objectively unreasonable manner," Payton, 125 S. Ct. at 1439; Williams v. Taylor, 529 U.S. 362, 405 (2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."

Id. at 406.  "Federal habeas relief is warranted only when the refusal was 'objectively unreasonable,' not when it was merely erroneous or incorrect." Carter v. Kemna, 255 F.3d 589, 592 (8th Cir. 2001) (quoting Williams, 529 U.S. at 410-11).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir.2004). "[T]he prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

IV.   Discussion

A.   Ground One

Petitioner argues that the trial court erred in not allowing him to withdraw his Alford plea.  The   trial court denied petitioner post-conviction relief on this ground, finding that "[t]here is no absolute right to withdraw a guilty plea" and petitioner had not come forward with any facts warranting such relief.  Resp. Ex. A.  On appeal, the state court did not reach the merits of this claim.  Instead, the Missouri Court of Appeals found that, under Missouri law, an order denying a defendant's motion to withdraw a guilty plea is an appealable order, and therefore, petitioner had defaulted this claim by failing to raise it on direct appeal.  Resp. Ex. E; Hamilton v. State, 865 S.W.2d 374, 376 (Mo. Ct. App. 1993) (citing Belcher v. State, 801 S.W.2d 372, 374 (Mo. Ct. App. 1991)).  Because the last state court to which petitioner presented this claim rested its decision on an independent and adequate state ground, this claim is procedurally defaulted.  Coleman v. Thompson, 501 U.S. 722, 729 (1991); Caldwell v. Mississippi, 472 U.S. 320, 327 (1985).

Petitioner has not shown cause and prejudice to excuse default, nor can he demonstrate actual innocence as a gateway to this defaulted claim. To use innocence as a gateway, petitioner must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have convicted him." <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995). Considering the eyewitness identifications, physical evidence, and overall strength of the state's case against him, petitioner can make no such showing.

Accordingly, this claim is defaulted pursuant to an independent and adequate state rule, and federal habeas review of this claim is barred.

B.    Ground Two

Petitioner next argues that his convictions for assault in the first degree and attempted forcible rape violate his constitutional right not to be subjected to double jeopardy, because the convictions are for greater and lesser included offenses and were premised on a single act of force.

Under Missouri law, the offenses of assault and attempted rape each require proof of facts that the other does not. Assault requires proof of an attempt to kill or knowingly cause or attempt to cause serious physical injury, which is not required for the offense of attempted forcible rape. Mo. Rev. Stat. § 565.050. Attempted forcible rape, on the other hand, requires proof of a substantial step towards "sexual intercourse with another person by the use of forcible compulsion." Mo. Rev. Stat. § 566.030. Proof of forcible compulsion is not required for an assault conviction. Because each statute requires proof of a fact that the other does not, petitioner's convictions for both offenses do not offend the Double Jeopardy Clause. <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932).

The Missouri Court of Appeals reviewing petitioner's double jeopardy claim likewise concluded that the two offenses were not "included offenses," and found petitioner's convictions for both offenses to be in accordance with the intent of the Missouri legislature. Resp. Ex. E. As the Supreme Court has held, "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter, 459 U.S. 359, 366 (1983). "[I]n the double-jeopardy context… whether a state legislature intends cumulative punishment for two offenses is an issue of state law, over which state courts have final authority." Dodge v. Robinson, 625 F.3d 1014, 1018 (8th Cir. 2010). The findings of the Missouri Court of Appeals regarding the state legislature's intent are binding on this Court. Lupien v. Clarke, 403 F.3d 615, 619 (8th Cir. 2005). Accordingly, petitioner is not entitled to relief on this ground.

C.   Ground Three

Petitioner did not present his claim of a Brady violation to the state courts in his motion for post-conviction relief. Nevertheless, because this claim is clearly unavailing, the Court will address the merits of the claim despite the apparent procedural default. See Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004) (allowing federal habeas courts to bypass a procedural default issue and proceed to the merits when relief is denied).

Under Brady, the prosecution has a duty to disclose evidence favorable to the defense. Brady v. Maryland, 373 U.S. 83, 87 (1963). Failure to do so constitutes a violation of due process. Id. The focus of petitioner's Brady claim is a supplemental lab report showing that tests conducted on semen found on S.E.'s bedding excluded petitioner as a possible contributor. However, the prosecution disclosed this evidence

-6-

to the defense approximately one year before petitioner entered his <u>Alford</u> plea.  [Doc. #1; Pet'r Ex. A].  Accordingly, this claim is without merit.

### IV. Conclusion

For the reasons discussed above, the Court finds that petitioner has failed to establish that he is entitled to relief based on state court proceedings that were contrary to, or an unreasonable application of, clearly established federal law, or based upon an unreasonable determination of the facts in light of the evidence presented in state court proceedings.  28 U.S.C. § 2254(d).  Because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  <u>See</u> <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997).

Judgment denying the petition will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2013.